```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
```

Kedar Edwards and Kareem Edwards,
by their mother and natural guardian
Francine Edwards, and Francine
Edwards, Individually,                         07-CV-5286 (CPS)(RML)

              Plaintiffs,
                                              MEMORANDUM
  -against-                            OPINION AND
                                              ORDER

The City of New York and Police
Officers "John Does Nos. 1-5," Whose
Names and Badge Numbers are
Presently Unknown,

              Defendants.

```
-----------------------------------X
```
SIFTON, Senior Judge.

     Kedar Edwards and Kareem Edwards, by their mother and natural guardian Francine Edwards, and Francine Edwards, Individually ("plaintiffs"), commenced this action against the City of New York (the "City") and Police Officers "John Does Nos 1-5" on December 19, 2007. The complaint, which arises out of a search of plaintiffs' home by New York City police officers, alleges that plaintiffs were deprived by defendant police officers of their rights under the Fourth Amendment to be secure in their persons and under the Fourteenth Amendment to equal protection of the laws, both in violation of 42 U.S.C. § 1983. Plaintiffs allege that the City may be held vicariously liable for the intentional torts of the officers. Third, plaintiffs allege that defendant City is liable for negligent hiring, retaining, and training of defendant police officers and

negligent investigation of the charges giving rise to an allegedly illegal search of plaintiffs' house. Plaintiffs seek a declaratory judgment that defendants violated the plaintiffs' constitutional rights, compensatory damages, punitive damages, fees, and costs. Now before the court is a motion by plaintiffs to amend the complaint to include eighteen additional individual defendants, who are police officers alleged by plaintiffs to have been involved in the search of plaintiffs' home. For the reasons stated below, the motion is denied.

**BACKGROUND**

The following facts are taken from the plaintiffs' complaint and the parties' submissions in connection with this motion. For purposes of this motion, the allegations of the original complaint and proposed amended complaint are assumed to be true.

The plaintiffs are residents of State of New York.

Defendants John Does 1-5 ("defendant police officers"), who are sued in their official and individual capacities, were at all relevant times employed by the City of New York as police officers, and were stationed at the 77th Precinct of the New York City Police Department, located in Kings County, New York.

Defendant City of New York is a municipal corporation organized and existing under the laws of the State of New York.

On April 3, 2007, at approximately 5:30 a.m., defendant

police officers forcibly entered plaintiffs' apartment, located at 410 St. Marks Avenue, Brooklyn, New York. Compl. at ¶ 13. Defendant police officers searched the apartment and destroyed plaintiffs' personal property, including the door to the apartment. *Id*. Defendant police officers handcuffed and searched plaintiffs Kedar and Kareem Edwards and took them to a police van where they were held for approximately one hour. *Id*. at ¶ 14. Plaintiffs did not commit any crimes and were not observed committing any crimes by defendants. *Id*. at ¶ 15. The officers entered plaintiff's home pursuant to a warrant that authorized them to search for weapons. Declaration of Gabriel Harris, Ex. B.

Plaintiffs seek to amend the complaint to add the following 18 additional individual defendants: Deputy Inspector John Cosgrove, Officer Daniel Mallick, Detective Michael Windsor, Captain John DeRose, Deputy Inspector Robert Hanson, Lieutenant Kevin Gallagher, Sergeant David Lippert, Sergeant Dwight Smith, Sergeant David Cheesewright, Officer Nicolas Salvitti, Sergeant Thomas Glaudino, Sergeant Gerard Flood, Detective Kevin Concannan, Detective Philip Scarangella, Detective Dale Schultz, Detective Thomas Longa, Detective Robert Goldstein, and Officer Joseph Wendler. Aside from the addition of these 18 names to the caption, the proposed amended complaint is identical to the original complaint.

**DISCUSSION**

Plaintiffs cite liberal pleading standards in support of their application to amend the complaint. Defendants oppose the motion on the ground that amendment would be futile.

**I. Applicable Standards**

**A. Standard for Amendment of Complaint**

Federal Rule of Civil Procedure 15(a)(2) provides that, after a responsive pleading (as is in the case here), a party may amend its pleading by leave of the court. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether to permit or disallow amendment of a pleading is within the district court's discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321; 91 S. Ct. 795; 28 L. Ed. 2d 77 (1971). Although leave to amend is not automatic, "only 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... [or] futility of the amendment' will serve to prevent an amendment prior to trial." *Sterling v. Interlake Indus. Inc.*, 154 F.R.D. 579, 588-89 (E.D.N.Y.1994) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Barrows v. Forest Labs., Inc.*, 742 F.2d 54, 58 (2d Cir. 1984).

A proposed amendment is futile when it fails to state a

claim upon which relief may be granted. *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). Thus, the futility inquiry is comparable to the analysis governing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). An amendment is futile when "it is beyond doubt that the plaintiff can prove no set of facts in support" of its amended claims. *Pangburn v. Culbertson*, 200 F.3d 65, 70-71 (2d Cir. 1999) (internal quotation marks omitted). If a proposed claim would be subject to dismissal pursuant to Rule 12(b)(6), the court should "refuse to grant leave to amend rather than assent and then await a motion to dismiss." *Bank of New York v. Sasson*, 786 F.Supp. 349, 352 (S.D.N.Y. 1992).

**B. Standard for 12(b)(6) Motion to Dismiss**

When considering a motion to dismiss under Rule 12(b)(6), a trial court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) (citation omitted), although "mere conclusions of law or unwarranted deductions" need not be accepted. *First Nationwide Bank v. Helt Funding Corp.*, 27 F.3d 763, 771 (2d Cir. 1994). Indeed, conclusory allegations "will not suffice to prevent a motion to dismiss." *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002). On a

motion to dismiss, "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995).

To survive a 12(b)(6) motion to dismiss, the allegations in the complaint must meet the standard of "plausibility." *See Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1970; 550 U.S. 544; 167 L. Ed. 2d 929 (2007). Although the complaint need not provide "detailed factual allegations," *id*. at 1964; *see also ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 n. 2 (2d Cir. 2007) (applying the standard of plausibility outside *Twombly*'s anti-trust context), it must "amplify a claim with some factual allegations... to render the claim plausible." *Iqbal v. Hasty*, 490 F.3d 143, 157-158 (2d Cir. 2007). The complaint must provide "the grounds upon which [the plaintiff's] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns*, 493 F.3d at 98 (quoting *Bell Atlantic*, 127 S.Ct. at 1965).

**II. Plaintiff's Proposed Amendment is Futile**

Defendant argues that an amendment to the caption of the complaint would be futile because the proposed amended complaint fails to identify which of the individual officers were responsible for any of the alleged wrongful acts, and therefore

fails to provide adequate notice pursuant to Federal Rule of Civil Procedure 8(a)(2)[1] or to properly allege personal involvement in the alleged harms as required by § 1983.[2]

Pursuant to Rule 8(a)(2), where a complaint "accuses all of the defendants of having violated all of the stated constitutional and statutory provisions," defendant may move to dismiss "those causes of action as to which no set of facts has been identified that support a claim against him." *Wynder v. McMahon*, 360 F.3d 73, 80 (2d Cir. 2004). It is "well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). Hence, where a complaint alleges that police officers have violated federal law, but fails to "attribute any of the actions giving rise to plaintiff's allegations to any of the specific officers named, or to any group of officers," it must be dismissed pursuant to Rule 8(a)(2) and Rule 12(b)(6). *Sforza v.*

---

[1] Under the pleading standard set forth in Rule 8(a)(2), complaints must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] plaintiff is required only to give a defendant fair notice of what the claim is and the grounds upon which it rests." *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 591 (2d Cir. 2006).

[2] 42 U.S.C. § 1983 provides in part that
[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

*City of New York*, 2009 U.S. Dist. LEXIS 27358, *19 (S.D.N.Y. March 31, 2009).

Plaintiffs have alleged in their complaint that police officers illegally entered their home, searched their belongings, and detained Kedar and Kareem despite the lack of any evidence of wrongdoing. In their papers, plaintiffs further suggest that the warrant to search their home was granted based on an affidavit containing false information, thereby invalidating the warrant.[3] Plaintiff's amended complaint does not specify which officers took part in which of these actions. Because the amended complaint would be subject to dismissal for failure to give notice and to identify facts that would entitle plaintiffs to relief against the various individual officers, amendment of the complaint would be futile. The motion to amend the complaint is

---

[3] In its opposition to this motion, defendant City argues that plaintiffs' claim that officers unlawfully entered and searched their residence was without merit because there was a valid search warrant for the premises. Officers executing a search warrant for contraband have the authority to detain any occupants of the premises and to use reasonable force to effectuate the detention. *Muehler v. Mena*, 544 U.S. 93, 98-99 (2005); *see also Michigan v. Summers*, 452 U.S. 692, 705; 69 L. Ed. 2d 340; 101 S. Ct. 2587 (1981). Plaintiffs concede that the police obtained a presumptively valid warrant to search their apartment and that they have a heavy burden in overcoming that presumption. However, plaintiffs contend in their reply that if they can prove that the defendants intentionally falsified material aspects of the warrant, they may be able to establish § 1983 liability, on the ground that a falsified warrant cannot provide a basis for the use of force and detention of occupants pursuant to *Muehler*. *See Harman v. Pollock*, 446 F.3d 1069 1086 (10th Cir. 2006) ("as with any authority bestowed by a search warrant, be it categorical or otherwise, that authority terminates when an officer knows or reasonably should know" that the warrant is invalid).

accordingly denied.[4]

**CONCLUSION**

For the reasons stated herein, the motion to amend the complaint to add the names of 18 individual police officers is denied. The Clerk is directed to transmit a copy of the within to all parties and the assigned Magistrate Judge.

SO ORDERED.

Dated:   Brooklyn, New York
         June 29, 2009

                          By: /s/ Charles P. Sifton (electronically signed)
                                          United States District Judge

---

[4] Plaintiffs state that their efforts to obtain more specific information as to which officers performed actions or authorized actions during the execution of the warrant have been thwarted by the defendant. Plaintiffs allege that they have requested that the defendants identify the persons involved in the search and detention of plaintiff, but have not received a response (plaintiffs obtained the names of the officers listed in the proposed amended complaint from information supplied in defendants' Rule 26 disclosures, which do not provide detailed information about the officers' involvement in the search and detention.) In essence, plaintiffs argue that the failure to provide notice to the officers as to the claims against them is the fault of defendants. However, the appropriate response when a party is unresponsive to a discovery demand is to seek an order from the Magistrate Judge compelling discovery. The failure of the City to produce the relevant information does not entitle plaintiffs to accuse individual officers without any factual ground for stating claims against them.